10-4529-ag
Shao v. Holder

BIA
Balasquide, IJ
A078 038 169

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of December, two thousand eleven.

PRESENT:
 GUIDO CALABRESI,
 REENA RAGGI,
 RICHARD C. WESLEY,
  *Circuit Judges*.

_____

XUE EIAO SHAO, AKA XUE CHAO SHAO,
  *Petitioner*,

 v.                                    10-4529-ag
                                       NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
  *Respondent*.

_____

FOR PETITIONER:     Jed S. Wasserman, Kuzmin &
                    Associates, P.C., New York, N.Y.

FOR RESPONDENT:     Tony West, Assistant Attorney
                    General; David V. Bernal, Assistant
                    Director; Stuart S. Nickum, Trial
                    Attorney, Office of Immigration

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Xue Eiao Shao, a native and citizen of China, seeks review of an October 4, 2010, order of the BIA affirming the December 1, 2008, decision of Immigration Judge ("IJ") Javier E. Balasquide, which denied Shao's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xue Eiao Shao,* No. A078 038 169 (B.I.A. Oct. 4, 2010), *aff'g* No. A078 038 169 (Immig. Ct. N.Y. City Dec. 1, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir. 2008); *Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008). An adverse credibility determination must

be based on "specific, cogent" reasons bearing a "legitimate nexus" to the finding. *See Zhou Yun Zhang v. INS*, 386 F.3d 66, 74 (2d Cir. 2004) (quoting *Secaida-Rosales v. INS*, 331 F.3d 297, 307 (2d Cir. 2003)).

The agency reasonably relied on the inconsistencies between Shao's testimony and his fiancée's statements regarding the timing and cause of her abortion and the payment of fines in finding him not credible because Shao's incident with the family planning officials and the harm he and his fiancée suffered are the basis of his asylum claim. *See Chen Yun Gao v. Ashcroft*, 299 F.3d 266, 272 (2d Cir. 2002) (holding that an IJ may base an adverse credibility determination on discrepancies that go to the "heart of the asylum claim").

Contrary to Shao's argument, the agency did not err in rejecting his explanations for his fiancée's statements because, although Shao asserted that she was confused regarding the timing of her abortion, she provided specific dates, and a motivation for the abortion incompatible with Shao's testimony. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (concluding that the agency need not credit an applicant's explanations for inconsistent

3

testimony unless those explanations would compel a reasonable fact-finder to do so). Moreover, the BIA did not exceed its authority in rejecting Shao's argument that the family planning violation notice, dated January 2000, supported his testimony. While the BIA generally should not engage in fact-finding on appeal, *see* 8 C.F.R. § 1003.1(d)(3)(iv), it acted within its authority in reviewing the record created by the IJ and rejecting Shao's assertion that the notice corroborated his testimony, as it was inconsistent with his statements that the authorities first learned of the pregnancy in February 2000. *See Belortaja v. Gonzales*, 484 F.3d 619, 624-25 (2d Cir. 2007) (holding that BIA did not exceed its authority in making an adverse credibility determination based on evidence presented to the IJ).

The adverse credibility determination was further supported by the agency's finding that Shao's omission of the police visit to his house and his time in hiding from his initial asylum application undermined his credibility. *See Tu Lin v. Gonzales*, 446 F.3d 395, 402-03 (2d Cir. 2006) (concluding that because adverse credibility determinations are based on the whole record, omissions from an asylum

4

application may, in light of other omissions and inconsistencies, be deemed consequential to the fact-finder). Together, these discrepancies provided substantial evidence in support of the agency's adverse credibility determination. *See id.*

That determination was a proper basis for the agency's denial of Shao's asylum and withholding of removal claims as both claims were premised on his account of his interactions with the family planning officials. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006). Accordingly, we do not address Shao's arguments concerning whether the past mistreatment he allegedly suffered constituted past persecution and whether he faces future harm on account of a protected ground.

The agency also reasonably found that Shao did not establish his eligibility for CAT relief based on his illegal departure from China as he presented no particularized evidence suggesting that he would likely be tortured.[1] *See Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 157-60 (2d Cir. 2005) (holding that a petitioner

---

[1] Contrary to the government's argument, Shao raised the issue of his illegal departure in his brief before the BIA.

is not "entitled to CAT protection based *solely* on the fact that [he] is part of the large class of persons who have illegally departed China," and that beyond generalized country conditions reports stating that some Chinese prisoners have been tortured, an applicant for CAT relief must submit particularized evidence suggesting that he is likely to be subject to torture in Chinese prisons).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6